IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA D. EASTER, | ) | CASE NO. 1:10 CV 48 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TIMOTHY F. GEITHNER, Secretary | ) | |
| Department of the Treasury, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is a motion[2] by defendant Timothy Geithner (Secretary) to dismiss plaintiff Christina D. Easter's complaint[3] alleging employment discrimination and retaliation.  Easter has responded in opposition to the Secretary's motion,[4] to which the Secretary has filed a reply.[5]  For the reasons stated below, I will recommend granting the Secretary's motion.

---

[1] ECF # 16.

[2] ECF # 12.

[3] ECF # 1.

[4] ECF # 18.

[5] ECF # 20.

## Facts

I will summarize the facts applicable to the complaint and the motion below under separate headings appropriate to each, followed by a statement as to the procedural posture of the current motion within the case.

**A.      The complaint**

In her complaint, Easter, a female African American revenue agent with the Internal Revenue Service, contends that white supervisors at the IRS discriminated against her on the basis of race and gender by improperly and/or disparately preparing various performance reviews in 2006-07 and 2009 concerning Easter.[6]  In addition, Easter contends that the poor reviews prepared after mid-2007 were in retaliation for her filing a discrimination complaint against the IRS in February 2008 concerning the earlier work reviews.[7]  Easter claims these actions violate Title VII of the federal Civil Rights Act, as well as comparable Ohio law, common law, and the Declaratory Judgment Act.[8]  She further asserts that the performance review prevented her from being promoted.[9]

**B.      The Secretary's motion**

The Secretary, in his motion to dismiss, argues that all four claims stated by Easter should be dismissed under Rule 12(b)(1), (6) of the Federal Rules of Civil Procedure because

---

[6] ECF # 1 at ¶¶ 13-34; 41-51; 62.

[7] *Id*. at ¶¶ 35-39; 66-70; *see also*, ECF # 18 at 3.

[8] ECF # 1 at ¶ 1.

[9] *Id.* at 38.

the receipt of poor performance reviews, without evidence those reviews were used to detrimentally alter the terms or conditions of employment, does not in itself constitute an adverse employment action required for liability under the anti-discrimination laws.[10] Therefore, the Secretary maintains, since Easter's claims are based on simply receiving poor evaluations, they should be dismissed under Rule 12(b)(6) because they do not state a claim upon which relief may be granted.[11]

Additionally, the Secretary contends that the retaliation claim, largely set forth in count four,[12] is also liable to dismissal under the federal civil rights statute for failure to exhaust administrative remedies prior to bringing suit on that claim.[13]  Specifically, the Secretary observes that before an individual files suit in a federal court on a Title VII claim, that party must first exhaust all available administrative remedies and that failure to do so will result in dismissal of the action.[14]  Here, the Secretary states, Easter's complaint alleges only that she filed an administrative complaint concerning the discrimination charges but does not allege that she did the same concerning the retaliation claim.[15]  Thus, the Secretary

---

[10] ECF # 12 at 5.

[11] *Id.* at 8 (referring to claims one, two, and three); 9 (referring to claim four).

[12] *See*, *id.* at 11 n.2 (listing elements of the retaliation claim in various paragraphs of the complaint).

[13] *Id*. at 9-11.

[14] *Id.* at 11 (citations omitted).

[15] *Id.*

argues, the retaliation claim should be dismissed because Easter did not previously exhaust her administrative remedies as to this claim.[16]

Finally, the Secretary asserts that because the federal statute here provides the exclusive remedy available to redress charges of discrimination by a federal employee, Easter's common law and state law claims must be dismissed.[17]

## C.    Easter's response

Easter, in her response, acknowledges that "in general[,] a negative performance evaluation does not meet the requirement of an adverse employment action" required for liability under the law.[18]   However, Easter asserts that, in her case, "an evaluation downgraded because of racial discrimination will likely result in the denial of a promotional opportunity [in the future]."[19]  Because of the "symbiotic relationship between evaluations and promotions," Easter argues that her past evaluations "must be treated as an adverse employment action" by this Court in regards to the discrimination charges in counts one, two, and three.[20]

Moreover, in regards to the retaliation charge, Easter maintains first that, because the standard for establishing a materially adverse employment action is less than what is required

---

[16] *Id.*

[17] *Id.* at 12.

[18] ECF # 18 at 5.

[19] *Id.*

[20] *Id.* at 5-6.

for discrimination charges, the negative performance evaluation should qualify as a materially adverse employment action as to the retaliation charge.[21]  In regards to the exhaustion of remedies argument, Easter maintains initially, without citation to authority, that this claim should not be barred because it was not asserted in an administrative proceeding and, further, that "exhaustion [of administrative remedies] is not a jurisdictional prerequisite."[22]

### D.   Procedural posture

In his motion to dismiss, the Secretary requests that the Court "make an early review" of the current motion because its allegations go to threshold burdens that must be met by Easter to sustain her action.[23]  In that regard, I note that Judge Boyko's order issued after the parties' planning meeting on July 12, 2010, stated that discovery in this case is being held in abeyance until the present motion is adjudicated and, further, stated that the Court has refrained from setting the date for a new case management conference until after it rules on the motion to dismiss.[24]  Judge Boyko referred that motion to me for a report and recommendation on the same date as that order.[25]  I further observe that Easter responded to

---

[21] *Id.* at 6, citing *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 595-96 (6th Cir. 2007), *cert. denied*, 552 U.S. 1258 (2008).

[22] *Id.* at 7.

[23] ECF # 12 at 2.

[24] ECF # 15.

[25] ECF # 16.

the motion on August 23, 2010,[26] the final date response was timely.[27]  The Secretary, after being granted an extension of time,[28] timely replied to that response on September 23, 2010.[29]

Accordingly, based on the foregoing, I find that the matter has been fully briefed and is properly before me for resolution by report and recommendation.

## Analysis

### A.     Federal Rule of Civil Procedure 12(b)(6)

I note initially that the Secretary grounds the present motion to dismiss on both Rule 12(b)(1) and Rule 12(b)(6).[30]  Specifically, the Secretary seeks to dismiss the claims asserted under federal law under Rule 12(b)(6) for failing to state a claim upon which relief can be granted and to dismiss the state law claims for lack of jurisdiction under Rule 12(b)(1).[31]  The various claims will be considered below under the applicable rule.

---

[26] ECF # 18.

[27] By non-document order of July 16, 2010, I originally gave Easter until August 2, 2010 to file her response.  By non-document order of August 6, 2010, I granted Easter's motion (ECF # 17) to extend the time for response to August 23, 2010.

[28] Non-document order of August 27, 2010.

[29] ECF # 20.

[30] ECF # 12 at 3.

[31] *Id.*

In *Jones v. City of Cincinnati*,[32] the Sixth Circuit restated the analysis to be applied by the district court in adjudicating a motion to dismiss under Rule 12(b)(6):

> A claim survives [a Rule 12(b)(6) motion to dismiss] if its "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."[33]

In that regard, the Sixth Circuit re-emphasized the well-established rule that the court reviewing a motion to dismiss under Rule 12(b)(6) is to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'"[34]  However, in accepting as true the factual pleadings, the district court need not also accept as true any legal conclusions alleged by the plaintiff nor make an unwarranted factual inference.[35]

## B.    Application of law

### 1.    *The Secretary's motion to dismiss the disparate treatment discrimination claims for failure to state a claim should be granted because the negative performance reviews here do not constitute adverse employment actions.*

I observe, as noted above, that Easter has brought her disparate treatment discrimination claims as violations of Title VII, 42 United States Code § 1981, and Ohio

---

[32] *Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008).

[33] *Id*. at 559, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[34] *Id*., quoting *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

[35] *Id*.

Revised Code § 4112 *et seq.*[36]  It is well-settled that claims advanced under both statutes are to be analyzed similarly.[37]

As the Secretary initially notes, it is also well-established that a party may set forth a *prima facie* case of discrimination under Title VII or the comparable Ohio statute by either presenting direct evidence of discrimination by the defendant or by introducing circumstantial evidence which creates an inference that discrimination has occurred.[38]  Here, Easter does not dispute that her disparate treatment discrimination claim is based on inferences from the factual circumstances alleged.[39]

To establish a *prima facie* case of disparate treatment discrimination by circumstantial evidence, a plaintiff must comply with the well-known four-part test originally set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*.[40]  In the case, as here, of an allegation of discriminatory disparate treatment, that means the plaintiff must show, by a

---

[36] ECF # 1 at 2 ¶ 1.

[37] *Kimble v. Wasylyshyn*, 687 F. Supp. 2d 703, 707 (N.D. Ohio, 2009) (citations omitted).

[38] *Id.*, citing *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004).

[39] ECF # 18 at 3, 5.  Easter does contend, without supporting authority, that preparation of a 38-page review in 2007 by a white supervisor is, "in and of itself," direct evidence of discrimination.  ECF # 18 at 5.  However, she then immediately concedes that the *McDonnell Douglas* analysis "is applicable herein."  *Id.*  Because, as noted below, that analysis only applies where the disparate treatment discrimination case is based on circumstantial evidence, it follows that, by explicitly accepting the applicability of *McDonnell Douglas*, Easter has recognized that her claim is one based on inferences from circumstantial evidence.

[40] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

-8-

preponderance of the evidence:  (1) that she is a member of a protected group; (2) that she was qualified for her job; (3) that she suffered an adverse employment decision; and (4) that she was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.[41]

If the plaintiff succeeds in establishing her *prima facie* case according to the above-stated rubric, the burden then shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action.[42]  Should the defendant offer evidence of a legitimate reason for its action, the burden shifts again to the plaintiff to show that the defendant's proffered reason was merely a pretext.[43]

Here, as stated, the Secretary contends that the negative performance reviews cited in the complaint do not constitute adverse employment actions and, thus, Easter has not met her burden of establishing a *prima facie* case of disparate treatment discrimination.[44]  Easter, principally relying on the 2008 Sixth Circuit decision in *White v. Baxter Healthcare Corp.*, responds that the negative evaluations do constitute adverse employment actions because they can result in the denial of future promotions.[45]

---

[41] *White v. Baxter Healthcare Corp*., 533 F.3d 381, 391 (6th Cir. 2008) (citations omitted).

[42] *Id.*

[43] *Id*. at 391-92.

[44] ECF # 12 at 4-7.

[45] ECF # 18 at 5, citing *White*, 533 F.3d at 402.

The Sixth Circuit's analysis in *White* is controlling in this case. Initially, *White* restates the general rule that "'a negative performance does not constitute an adverse employment action unless the evaluation has an adverse impact on an employee's wages or salary.'"[46] Thus, *White* continues, "to characterize a negative performance evaluation as an adverse employment action 'the plaintiff must point to a tangible employment action that she alleges she suffered, or is in jeopardy of suffering, because of the downgraded evaluation.'"[47]

Here, the Secretary essentially argues that Easter's complaint fails to state a claim on which relief may be granted because it does not particularly allege how her performance reviews deprived her of a specific future employment benefit.[48] The Secretary maintains that instead of alleging a direct causal connection between the evaluations and a particular, identifiable lost opportunity, Easter has offered merely "conclusory allegations as to the possible effects of the evaluations [as] to a possible promotion in the future."[49] Absent pleading facts that would make right to relief plausible and not merely conceivable,[50] the Secretary asserts that Easter's discrimination claims should be dismissed.[51]

---

[46] *White*, 533 F.3d at 402, quoting *Tuttle v. Metropolitan Gov't of Nashville*, 474 F.3d 307, 322 (6th Cir. 2007).

[47] *Id.* at 402, quoting *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 789 (6th Cir. 2000).

[48] ECF # 12 at 7.

[49] ECF # 20 at 2.

[50] ECF # 12 at 3-4, citing *Bell Atlantic Corp.*, 550 U.S. at 555.

[51] ECF # 12 at

-10-

Easter, in response, appears to agree that she has not yet suffered any adverse consequence from the performance evaluations, but argues that such reviews leave her "'in jeopardy of suffering'" some adverse employment consequence in the future.[52]

I note first that Easter is correct in observing that *White* does contemplate that a negative performance evaluation might create an adverse employment action by reason of some forthcoming event.  However, in setting forth that rubric, *White* clearly stated that a plaintiff seeking to make that case "'must point to a *tangible employment action* that she alleges she ... is in jeopardy of suffering'" as a result of the downgraded evaluation.[53]

In other words, while *White* arguably expanded the scope of actionable adverse employment actions to include a future event, it did not alter the requirement that, for liability to result, the plaintiff "must point to a tangible employment action" – past or future – whereby the employer detrimentally altered or likely will alter the terms or conditions of employment.[54]  Nor does *White* alter in any way the requirement of *Twombly*  that this be pled in a way that makes the plaintiff's right to relief plausible, not merely conceivable.

Accordingly, even construing the allegations of this complaint most favorably to Easter, I observe that Easter has not alleged any tangible employment action – past or future – by which the Secretary, relying on the downgraded evaluations, has acted or is likely to act to Easter's detriment by altering the terms or conditions of her employment.   Without such

---

[52] ECF # 18 at 5, quoting *White*, 533 F.3d at 402.

[53] *White*, 533 F.3d at 402, quoting *Tuttle*, 474 F.3d at 322(emphasis added).

[54] *Id*.

-11-

an allegation of a tangible employment action, the complaint as written is deficient and subject to dismissal under the rule stated in *Twombly*.  As the Supreme Court recently noted in *Ashcroft v. Iqbal*,[55] to survive a motion to dismiss for failure to state a claim need not contain detailed factual allegations, but does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[56]

Accordingly, based on the foregoing, I recommend finding first that the Secretary's motion to dismiss Easter's discrimination claims is well-taken for the reasons stated. However, because it is by no means clear from the complaint as it stands now whether Easter can fashion her claims on the basis of plausible facts regarding the likely result of a known future action, I further recommend that the dismissal here be without prejudice to Easter re-asserting the claims in a way that could support the granting of the relief sought.

**2.**     ***The retaliation claims in count four and elsewhere should be dismissed because Easter has not exhausted administrative remedies on this claim prior to filing suit.***

As the Secretary observes, Title VII and related statutes are the exclusive remedy available for federal employees claiming to have been the victim of discriminatory or retaliatory acts by the government.[57]  In that regard, a prospective plaintiff must first exhaust administrative remedies on that claim before filing suit in district court.[58]

---

[55] *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009).

[56] *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555), *Howard v. City of Girard*, 346 F. App'x 49, 50 (6th Cir. 2009).

[57] *Brown v. General Servs. Admin.*, 425 U.S. 820, 829 (1976).

[58] *Id.* at 827-28.

-12-

As the Secretary further observes, although Easter filed an administrative complaint regarding alleged race and sex discrimination concerning her performance reviews,[59] that matter did not raise any claim of retaliation, such that this allegation remains unexhausted in administrative proceedings.[60]

Easter, in response, concedes that filing for administrative relief on the retaliation charge is "not a jurisdictional prerequisite" to it being included in this action and that she should be permitted to amend this count of her complaint.[61]

I note initially, as stated by the Sixth Circuit in *McFarland v. Henderson*, that "Congress conditioned the government's waiver of sovereign immunity [as to discrimination cases brought under Title VII] upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'"[62]  This means, as the Court noted, that an aggrieved person must initiate contact with an EEOC counselor within 45 days of the matter alleged to be discriminatory.[63]  Further, although the Court observed that the "exhaustion

---

[59] *See*, ECF # 1 at attachment.

[60] ECF # 12 at 11.

[61] ECF # 18 at 7.

[62] *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002), quoting *Brown*, 425 U.S at 833.

[63] *Id*. at 406, citing 29 C.F.R. § 1614.105(a)(1).

requirements of Title VII are not jurisdiction prerequisites,"[64] it also explicitly stated that those requirements can be excused only in cases of waiver, estoppel, and equitable tolling.[65]

In this case, it is plain, even when viewing the complaint in the light most favorable to Easter, that the Secretary has not waived any argument as to lack of exhaustion of administrative remedies, nor is there any basis for estopping the Secretary from presenting that argument.  In addition, Easter's complaint contains no assertions as to why equitable tolling is applicable here.

Accordingly, I recommend finding that the Secretary's motion to dismiss the retaliation charge in count four and elsewhere is well-taken.  However, inasmuch as Easter now seeks to amend her complaint to address this deficiency, I would further recommend that dismissal here be without prejudice to Easter re-asserting this claim by amendment along with establishing that she is entitled to excuse the requirement for timely filing for administrative remedies within the guidelines set by the Supreme Court in *Zipes v. TransWorld Airlines*.

**3.      All state law and common law claims should be dismissed.**

As the Secretary notes, the Supreme Court stated in *Brown v. General Services Administration* that the remedies in Title VII were created as "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"

---

[64] *Id.*

[65] *Id.*, citing *Zipes v. TransWorld Airlines*, 455 U.S. 385, 393 (1982).

involving race, color, religion, sex or national origin.[66]  As such, the statute now provides the exclusive judicial remedy for claims of discrimination in federal employment.[67]   As the Secretary further observes, Easter has not disputed this characterization of the law nor the conclusion that it mandates the dismissal of her state law and common law claims.[68]

Based on the clear pre-emption by the federal statute articulated by the Supreme Court in *Brown*, I recommend that the Secretary's motion under Rule 12(b)(1) to dismiss Easter's state law and common law claims for lack of jurisdiction be granted.

## Conclusion

For the foregoing reasons, I recommend that the Secretary's motion to dismiss be granted as is more fully detailed above.

Dated:   October 18, 2010                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[69]

_____

[66] *Brown*, 425 U.S. at 829.

[67] *Id*. at 835; *Davis v. Passman*, 442 U.S. 228, 247 n.26 (1979).

[68] ECF # 20 at 4.

[69] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).